[888 NYS2d 878]

In the Matter of STEVEN R. LAPIDUS (Admitted as STEVEN RICHARD LAPIDUS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 3, 2009

## APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

*Michael S. Ross* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Steven R. Lapidus was admitted to the practice of law in the State of New York by the Second Judicial Department on January 13, 1970, under the name Steven Richard Lapidus. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By order entered June 5, 2009, this Court granted the Departmental Disciplinary Committee's petition, based upon collateral estoppel, and found that respondent was guilty of professional misconduct in that he engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (a) (4); that said conduct was prejudicial to the administration of justice in violation of DR 1-102 (a) (5); and that such conduct adversely reflected on respondent's fitness to practice law in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [4], [5], [7]).

These findings were based upon a determination in Civil Court, New York County (Gerald Lebovits, J.) that respondent had asserted, under oath, in a 2005 nonpayment proceeding, on more than one occasion, material factual statements that were false. That court also imposed a $10,000 sanction against respondent for engaging in frivolous conduct during the course of the nonpayment proceeding (*see 1050 Tenants Corp. v Lapidus,* 13 Misc 3d 1220[A], 2006 NY Slip Op 51925[U] [2006], *affd* 17 Misc 3d 133[A], 2007 NY Slip Op 52049[U] [2007]). This Court's June 5, 2009 order referred respondent's matter to the Committee for a hearing solely on the issue of sanction.

The Disciplinary Committee now seeks an order pursuant to 22 NYCRR 603.11, accepting respondent's affidavit of resigna-

tion from the practice of law and striking his name from the roll of attorneys.

Respondent has chosen to submit his resignation pursuant to 22 NYCRR 603.11. In his affidavit in support of his resignation, he states that he is resigning from the bar; that his resignation is rendered freely, voluntarily, and without coercion or duress; that he is fully aware of the implications of submitting his resignation and of the disciplinary proceedings against him; and specifically acknowledges that he has already been found guilty of professional misconduct as per this Court's June 5, 2009 order. He acknowledges that, in light of the invocation of the collateral estoppel doctrine and the order of this Court, his misconduct is deemed established and the only issue at the impending hearing would be the sanction to be imposed upon him. In explaining his decision to resign, respondent states "I have retired from the practice of law and believe that it would make little sense to expend court resources, Committee resources and my own financial resources in defending this matter."

Counsel for the Committee states that he is satisfied that the affidavit conforms with the requirements set forth in section 603.11.

A comparison of the requirements in 22 NYCRR 603.11 (a) (2) and (3) with the language in respondent's affidavit finds that the affidavit is not in technical compliance, since respondent did not specifically identify the nature of his misconduct, and did not actually state that he could not successfully defend himself on the merits against the charges. Nevertheless, we conclude that sufficient is admitted in the affidavit to find that respondent admits that his guilt was established by this Court's June 5, 2009 order. This order, in turn, was based upon the Civil Court findings that he had engaged in making multiple perjurious statements in a judicial proceeding. His admission that "it would make little sense" to expend, inter alia, his own financial resources in defending this matter is deemed an admission that he cannot successfully defend himself on the merits.

Accordingly, the Committee's motion should be granted, respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law authorized to practice in the State of New York, effective nunc pro tunc to September 2, 2009.

MAZZARELLI, J.P., SAXE, NARDELLI, RENWICK and FREEDMAN, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to September 2, 2009.